JOHN S. EDMUNDS, Petitioner, *v.*
ROBERT WON BAE CHANG, as Judge of
the Circuit Court of the First
Circuit, State of Hawaii, Respondent

No. 5423

July 20, 1973

RICHARDSON, C.J., ABE, LEVINSON,
KOBAYASHI, JJ., AND CIRCUIT JUDGE
HAWKINS IN PLACE OF MARUMOTO, J.,
DISQUALIFIED

OPINION OF THE COURT BY ABE, J.

The petitioner, representing defendant Steven M. Hayashida as counsel in Criminal Case No. 44262 in the First Circuit Court, was found in contempt by Judge Robert Won Bae Chang, the presiding judge (herein respondent), and he petitioned this court for a writ of prohibition to prevent respondent from proceeding any further on the Order and Judgment of Contempt.

The excerpt of the transcription shows the proceeding before Judge Chang as follows:

BAILIFF: The Court of the Honorable Robert Won Bae Chang is now in session.
Please be seated.

(THE FOLLOWING PROCEEDINGS COM-

MENCED PRIOR TO THE CALLING OF THE CASE BY THE CLERK)

THE COURT: Please be seated.

MR. EDMUNDS: Your Honor, —

THE COURT: Please be seated.

MR. EDMUNDS: May I approach the bench, your Honor?

THE COURT: Please be seated.

MR. EDMUNDS: Your Honor, I have an —

THE COURT: Please be seated, Mr. Edmunds.

MR. EDMUNDS: — issue I would like to raise.

THE COURT: The Court orders you to be seated, Mr. Edmunds.

MR. EDMUNDS: Your Honor, I'd like the record —

THE COURT: If you do not be seated right now, Mr. Edmunds, the Court will find you in contempt of Court.

MR. EDMUNDS: May I approach the bench, your Honor?

THE COURT: You are found in contempt of Court, Mr. Edmunds.

The Court will stand at recess.

(RECESS HAD)

It is stated in the affidavit executed by the petitioner that he was "in a low and courteous tone of voice seeking to state for the record an objection which he believed was necessary to an adequate defense of his client, and which objection he believed would be waived if not stated at said time." He also stated in the affidavit that there was necessity to make an objection and to give the reason for the objection at the time he attempted to do so as he believed that the objection and reasons could only "be stated in the absence of the jury." However, it

would appear that it was impossible for the petitioner to do so because as stated in his sworn statement "the entire jury panel called for said case was present in the courtroom at the time." Of course, that contradiction of the purpose of making the objection at the particular time is not material to the solution of the issue presented here.

It cannot be overly emphasized that it is essential for the maintenance of justice that the bar be courageous and free from intimidation and that it is equally important to our judicial system that a judge be just, firm and effective in maintaining order in his court.

Here, the record shows clearly that before the case was called to order, the petitioner made several attempts to gain the floor and speak in spite of the judge's request "Please be seated." The insistence of the petitioner to be heard by the court before the case had been called to order by the clerk of the court interfered with the opening of the court session and delayed the consideration of the case. Though, as contended by the petitioner, he might have been attempting to make the objection and reasons therefor "in a low and courteous tone of voice" it does not mean that by doing so he did not prevent the judge from calling his court to order to consider the case.

It is very important under our judicial system that a lawyer's presentation of his client's case strenuously and persistently should not be deemed a contempt of court so long as the lawyer does not in some way create an obstruction which blocks the judge's performance of his duty. *In re McConnell,* 370 U.S. 230, 236, (1962). Also though *In re McConnell* "cannot be read as an immunization for all conduct undertaken by an attorney in good faith representation of his client, it does require that attorneys be given great latitude in the area of vigorous advocacy. Appellate courts must ensure that trial judges . . . are not left free to manipulate the balance between vigorous advocacy and obstructions so as to chill

effective advocacy when deciding lawyer contempts." *In re Dellinger,* 461 F.2d 389, 398 (7th Cir. 1972).

Under our judicial system "it is the lawyer's duty to make his objections and other points in his client's behalf, [and] it must follow that he is entitled to a timely opportunity to make them. From this it necessarily follows that the judge is without power to foreclose that opportunity by any order or admonition to sit down or to be quiet or not to address the court. The power to silence an attorney does not begin until reasonable opportunity for appropriate objection or other indicated advocacy has been afforded." *Cooper* v. *Superior Court,* 55 Cal.2d 291, 298, 359 P.2d 274, 278 (1961).

Here, as stated above, the case had not been called and the action of the petitioner interfered with the opening of the court session. Thus, as it was not the proper time for the petitioner to make the objection, the cases above mentioned are inapposite.

The trial judge decided that the persistent action of the petitioner prevented him from opening the court and getting down to business before it. We cannot disagree with the trial court that the petitioner's insistence, though made in a courteous and low tone of voice,[1] to be heard at an inopportune time disturbed and prevented the calling of the court to an orderly session and therefore was contemptuous.

Writ of prohibition is denied.

*Burnham H. Greeley* (*Padgett, Greeley, Marumoto & Steiner of counsel*) for petitioner.

*Robert P. Jaress,* Deputy Attorney General, (*George Pai,* Attorney General, with him on the brief) for respondent.

---

[1] The fact that the statements were made in a low and courteous tone of voice is not the sole determinative factor to be considered. It is often said that deadliest poisons come in sweet packages.

DISSENTING OPINION OF KOBAYASHI, J.,
WITH WHOM LEVINSON, J., JOINS

I dissent.

It is essential, for the ends of justice, that we maintain an independent and an unintimidated bar. It is also essential that our judiciary be just, firm and effective in conducting the proceedings before the court. In maintaining both above essentials we cannot condone any flagrantly disrespectful conduct on the part of a vigorous advocate and on the other hand we should not approve any action of the trial court stifling unreasonably a request of an attorney to seek recognition of the court to state an objection.

The question herein is whether it was proper for the trial court to adjudge petitioner in contempt of court.

In the instant case the following is the relevant portion of the transcript of the proceeding:

BAILIFF: The Court of the Honorable Robert Won Bae Chang is now in session.

Please be seated.

(THE FOLLOWING PROCEEDINGS COMMENCED PRIOR TO THE CALLING OF THE CASE BY THE CLERK)

THE COURT: Please be seated.

MR. EDMUNDS: Your Honor, —

THE COURT: Please be seated.

MR. EDMUNDS: May I approach the bench, your Honor?

THE COURT: Please be seated.

MR. EDMUNDS: Your Honor, I have an —

THE COURT: Please be seated, Mr. Edmunds.

MR. EDMUNDS: — issue I would like to raise.

THE COURT: The Court orders you to be seated, Mr. Edmunds.

MR. EDMUNDS: Your Honor, I'd like the record —

THE COURT: If you do not be seated right now, Mr. Edmunds, the Court will find you in contempt of Court.

MR. EDMUNDS: May I approach the bench, your Honor?

THE COURT: You are found in contempt of Court, Mr. Edmunds.

The Court will stand at recess.

(RECESS HAD)

Petitioner filed the following affidavit in this original proceeding stating, *inter alia,* the following:

5. That at all times during the proceedings as a result of which your Affiant was cited for the present contempt charge, your Affiant addressed Respondent in a low and courteous tone of voice and was at said time seeking to state for the record an objection and the grounds therefor which he believed was necessary to an adequate defense of his client, and which objection he believed would be waived if not stated at said time.

6. The reason your Affiant sought to state his objection immediately upon the convening of court into session was that the entire jury panel called for said case was present in the courtroom at the time and the objection which your affiant wished to state was one which your affiant believed could only be stated in the absence of the jury (since the objection concerned remarks made by the court in the presence of the jury which your affiant believed had been prejudicial) , and when first ordered to be seated by the Court, your Affiant then asked for permission to approach the bench.

In the above context we must determine whether petitioner's conduct was flagrantly disrespectful and amounted to an obstruction of justice.

Reference to the following cases will be helpful:

In *In re McConnell,* 370 U.S. 230 (1962), the attorney was held in contempt when he was adamant in asserting a legal point over the court's order to desist. The United States Supreme Court reversed and stated at 236:

> And we cannot agree that a mere statement by a lawyer of his intention to press his legal contention until the court has a bailiff stop him can amount to an obstruction of justice that can be punished under the limited powers of summary contempt which Congress has granted to the federal courts. The arguments of a lawyer in presenting his client's case strenuously and persistently cannot amount to a contempt of court so long as the lawyer does not in some way create an obstruction which blocks the judge in the performance of his judicial duty. The petitioner created no such obstacle here.

In *In re Dellinger,* 461 F.2d 389 (7th Cir. 1972), the court considered *McConnell* and stated at 398:

> The *McConnell* opinion cannot be read as a grant of impunity for all conduct undertaken in good faith. On the contrary, the pith of *McConnell,* when reduced to its essential, is that without an actual obstruction, there can be no contempt. That view is made explicit at page 236, 82 S.Ct. at page 1292 where the Court states, "[T]he arguments of a lawyer in presenting his client's case strenuously and persistently cannot amount to a contempt of court so long as the lawyer does not in some way create an obstruction which blocks the judge in the performance of his judicial duty. The petitioner created no such obstacle here."
>
> While *McConnell* cannot be read as an immunization for all conduct undertaken by an attorney in good faith representation of his client, it does require that attorneys be given great latitude in the area of

vigorous advocacy. Appellate courts must ensure that trial judges (or the jury on remand) are not left free to manipulate the balance between vigorous advocacy and obstructions so as to chill effective advocacy when deciding lawyer contempts. Admittedly, the line defies strict delineation (Goldfarb, The Contempt Power, 172 (1971)), but by our resolving doubts in favor of advocacy, an independent and unintimidated bar can be maintained while actual obstruction is dealt with appropriately.

In *Cooper* v. *Superior Court of the State of California,* 55 Cal.2d 291, 359 P.2d 274, 10 Cal. Rptr. 842 (1961), counsel was held in contempt while trying to assert his right to address the court to make an objection. The Supreme Court of California reversed and stated:

"Since it is the lawyer's duty to make his objections and other points in his client's behalf, it must follow that he is entitled to a timely opportunity to make them. From this it necessarily follows that the judge is without power to foreclose that opportunity by any order or admonition to sit down or to be quiet or not to address the court. The power to silence an attorney does not begin until reasonable opportunity for appropriate objection or other indicated advocacy has been afforded." [359 P.2d at 278]

I am of the opinion that both *McConnell* and *Cooper* are quite apposite to the instant case though the attorneys in both cited cases appear to have exerted themselves more strenuously. *See also Gallagher* v. *Municipal Court of City of Los Angeles,* 31 Cal.2d 784, 192 P.2d 905 (1948); *State of Oregon* v. *Yates,* 208 Ore. 491, 302 P.2d 719 (1956).

I am of the opinion that, based on the record herein, the conduct of petitioner does not warrant a contempt judgment. His conduct was not contemptuous and did not amount to an obstruction of justice. The trial court

could easily have recognized petitioner and granted him a reasonable opportunity to fulfill his duty as an advocate to make his objections and state his reasons therefor. As the Supreme Court of California stated in *Cooper*:

> From this it necessarily follows that the judge is without power to foreclose that opportunity by any order or admonition to sit down or to be quiet or not to address the court. . . . [359 P.2d at 278]

I am of the opinion that the respondent herein was without power to silence petitioner and to hold him in contempt. I am also of the opinion that petitioner's conduct, instead of being flagrantly disrespectful, was indeed very mild though persistent.

Though respondent deserves the image of and respect of being a strong judge, the ends of justice would have been better served herein if respondent had shown some flexibility instead of insisting that petitioner should not speak unless the moment was convenient to the court.

An intimidated bar would make a mockery of our judicial system.

The majority of the court premise their opinion on the following:

> it was not the *proper* time for the petitioner to make the objection . . . . (Emphasis added.)

The issue in the instant case is not a question or "proper time". However, if the opinion of the majority stands as the law of this jurisdiction, it would mean that any attorney who persists in seeking recognition of the court in performing his duty as an advocate at an allegedly improper time would be subject to being held in contempt of court. That would certainly lead to an inhibited or an intimidated bar. I am sure the majority of this court does not intend to reduce the profession of an advocate in court to an innocuous one, but that is the net effect of their opinion.

The real substance of the question herein is whether

petitioner's conduct was contemptuous and amounted to an obstruction of justice, regardless of whether his advocacy was at a so-called "improper time" or inconvenient time for the trial judge.

The opinion of the majority is faulty for another reason. The majority states:

> The trial judge decided that the persistent action of the petitioner prevented him from opening the court and getting down to business before it.

The record herein does not support the majority in the above statement. The record herein is absolutely void of any such decision or statement by the trial court. Such a statement is merely an assumption of the majority of this court.

In my opinion such an assumption compounds the inherent fallacy of the opinion of the majority.

The law is clear that it is necessary for the trial court to recognize the advocate and inform him that the court will give him a timely opportunity to perform his duty as an advocate before any summary action is taken by the court. No such recognition or statement of timely opportunity was made by the trial court. For the majority of this court to deny the petitioner his right to perform his duty on the ground that it was not a convenient time for the trial court or that it was not the "proper time" for the petitioner to seek recognition as he endeavored herein, is equivalent to empowering the trial court with autocratic power that is detrimental to the efficacy of our judiciary and bar in attaining proper justice. Certainly, there are personalities among the members of the bar who irritate the judiciary but that, in itself, is no excuse for a contempt judgment. The profession of law would be a dull one indeed if all attorneys were mere conformists.

I would grant the writ of prohibition as prayed for herein.